UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| AERIO, INC., | ) | |
| | ) | |
| Plaintiff, | ) | No. C08-4788 BZ |
| | ) | |
| v. | ) | **ORDER GRANTING PLAINTIFF'S** |
| | ) | **MOTION TO REMAND** |
| CURRICULA, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff has moved to remand this case to state court on the grounds that defendant's petition for removal was filed more than thirty days after defendant received a copy of the complaint, and was therefore untimely.

Plaintiff asserts that defendant was served with a copy of the complaint on September 16, 2008, and that defendant's petition for removal was not filed until October 17, 2008, thirty-one days after it received a copy of the initial pleading.  In support of this assertion, plaintiff has submitted a copy of the Proof of Service Affidavit, which states that on September 16, 2008 at 4:30 p.m., plaintiff served defendant care of Cindy Cowan ("Cowan"), a person authorized to accept service for defendant.  Plaintiff also

1

1    submitted the sworn affidavit of John Freeland, a private

2    process server licensed by the State of Oklahoma.  Freeland

3    attaches a copy of the Service Information Sheet he prepared,

4    which has a handwritten notation dated on September 16, 2008

5    that Cowan was served at 4:30 p.m, as well as a Service Report

6    Sheet indicating that service was effected on September 16,

7    2008 at 4:30 p.m., shortly after he completed another service

8    at 4:20 p.m.

9        Defendant asserts that Cowan was served either on

10   September 17, 2008 or September 18, 2008.  Defendant submitted

11   the sworn affidavit of Cowan, which states that she was not on

12   the premises where Freeland claims service was completed at

13   4:30 p.m. on September 16, 2008.  Cowan states that she

14   recalls accepting service sometime between 4:30 and 4:50 p.m.

15   the week of September 15, 2008, but does not recall the exact

16   date or time.  Defendant deduces that service must have been

17   completed on either September 17 or 18, 2008 because those are

18   the only two days during the week of September 15, 2008 where

19   Cowan's time sheets (also submitted to the Court) indicate

20   that she worked to or past 4:30 p.m.[1]

21       The notice of removal of a civil action must be filed

22   within "thirty days after the receipt by the defendant,

23   through service or otherwise, of a copy of the initial

24   pleading settling forth the claim for relief upon which such

25   action or proceeding is based . . . ."  28 U.S.C. § 1446(b).

26

27       [1]    "Because Ms. Cowan only worked until 4:30 p.m. or
     later on September 17 and 18 during the week of September 15-
28   19, 2008, [defendant] must have been served on either September
     17 or 18, 2008."  (Def.'s Opp to Pl's Mot. to Remand ¶ 7.)

2

1   Removal statutes are to be strictly construed, and a remand to

2   state court is favored if there are doubts as to the right of

3   removal.  <u>Gaus v. Miles, Inc.</u>, 980 F.2d 564, 566 (9th Cir.

4   1992); *see also* <u>Leslie v. Banctec Serv. Corp.</u>, 928 F. Supp.

5   341, 347 (S.D.N.Y. 1996)(removal statutes are to be "strictly

6   construed against removal and all doubts should be resolved in

7   favor of remand." (citations omitted)).

8        The "strong presumption" against removal jurisdiction

9   means that the defendant always has the burden of establishing

10  that removal is proper.  <u>Nishimoto v. Federman-Bachrach &</u>

11  <u>Assocs.</u>, 903 F.2d 709, 712 n.3 (9th Cir. 1990); <u>Emrich v.</u>

12  <u>Touche Ross & Co.</u>, 846 F.2d 1190, 1195 (9th Cir. 1988).

13       Having weighed the evidence submitted by both parties, I

14  find that defendant has not satisfied its burden of

15  establishing that removal was timely and therefore proper.  At

16  best, the competing declarations offset each other, so

17  defendant has not established its version of the facts by a

18  preponderance of the evidence.  At worst, plaintiff's strong

19  evidence that Cowan was served on September 16, 2008 at 4:30

20  p.m. is more persuasive than defendant's deduction that it

21  "must have been served on either September 17 or 18, 2008"

22  based on Cowan's time sheets.  While Cowan stated in her

23  affidavit that she routinely leaves the premises at the end of

24  the "time worked" period as specified in the submitted time

25  sheets, she did not testify that she in fact left the premises

26  at 4:05 p.m. on September 16, 2008 and was therefore not

27  present to accept service.  Accordingly, plaintiff's motion to

28  remand is **GRANTED** and the clerk is ordered to **TRANSFER** the

1  case to the Superior Court for the County of Alameda for

2  further proceedings.

3  Dated: January 5, 2009

4  _____
          Bernard Zimmerman

5        United States Magistrate Judge

6

7  G:\BZALL\-BZCASES\AERIO V. CURRICULA\ORDER ON MOTION TO REMAND.wpd

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4